NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS RENE SAMAYOA CASTILLO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-73098 Agency No. A029-139-292 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Carlos Rene Samayoa Castillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to terminate proceedings and ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process in denying Samayoa Castillo's motion to terminate removal proceedings, because his testimony before the IJ on March 20, 2015, was sufficient to sustain the charge of removability and was independently obtained subsequent to the alleged due process and regulatory violations. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (even if interrogation and arrest involved constitutional violations, "they would not prevent reliance by the Board [BIA] on petitioners' voluntary admission of illegal entry at the subsequent deportation hearing" (alteration in original, citation omitted)). The record does not support Samayoa Castillo's contention that his testimony on March 20, 2015, was involuntary, or that the IJ was biased.

Because the agency relied on Samayoa Castillo's 2015 testimony and not the contested documents to find him removable, he has not shown any prejudice from the agency's admission into evidence of documents containing his 2005 statements without allowing him the opportunity to cross-examine the authors of those documents. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("[A]n individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding.") Similarly, because the agency did

not rely on his 2005 statements, we do not reach Samayoa Castillo's contentions that his 2005 statements should have been suppressed on the basis of alleged egregious violations of the Fourth Amendment and the Federal Regulations. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA).

To the extent Samayoa Castillo contends the immigration officers who questioned him on May 3 and 4, 2005, violated 8 C.F.R. § 287.8(c)(2)(vii), we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**